IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE BAKER, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) | Case No. 20-cv-01108-MN |
| v. | ) ) | |
| CRODA INC. f/k/a CRODA, INC., | ) ) | |
| Defendant. | ) ) | |

**OPENING BRIEF IN SUPPORT OF
CRODA INC.'S MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Kenneth J. Nachbar (# 2067)
Zi-Xiang Shen (#6072)
1201 N. Market Street
Wilmington, DE  19801
(302) 658-9200
knachbar@mnat.com
zshen@mnat.com
*Attorneys for Defendant*

OF COUNSEL:

Stephen A. Swedlow
Athena D. Dalton
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL  60606
(312) 705-7400
stephenswedlow@quinnemanuel.com
athenadalton@quinnemanuel.com

October 13, 2020

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II. SUMMARY OF ARGUMENT ...............................................................................1

III. FACTUAL BACKGROUND .................................................................................4

IV. LEGAL STANDARD ...........................................................................................5

    A.  12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction .................................................................................................5

    B.  12(b)(6) Motion to Dismiss for Failure to State a Claim............................7

V.  ARGUMENT ..........................................................................................................7

    A.  This Case Should Be Dismissed Under Rule 12(b)(1) Because This Court Does Not Have CAFA Jurisdiction ............................7

    B.  All Claims Should Be Dismissed Under Rule 12(b)(6) For Failure to State a Claim.........................................................................10

        1.  All Claims Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Has Not Alleged a Compensable Injury .............................................................................................11

        2.  Plaintiff Has Not Stated a Medical Monitoring Claim .................14

        3.  Plaintiff Has Not Stated a Claim for Ultrahazardous Activity ..................................................................................15

        4.  Plaintiff Has Not Stated a Claim for Public Nuisance and Lacks Standing to Bring the Claim. .......................................16

        5.  Plaintiff Has Not Stated a Claim for Private Nuisance .................17

        6.  Plaintiff Has Not Stated a Claim for Negligence ..........................19

        7.  Plaintiff Has Not Stated a Claim for Willful or Wanton Conduct .......................................................................19

VI. CONCLUSION ....................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Cases

*Adkins v. Rumsfeld*,
   450 F. Supp. 2d 440 (D. Del. 2006) .......................................................................... 7

*Alderman v. Clean Earth, Inc.*,
   954 A.2d 909 (Del. 2008) ...................................................................................... 14

*Alderman v. Clean Earth*,
   No. CIV.A. 04C-06-181FSS, 2007 WL 1334565 (Del. Super. Ct. Apr. 30, 2007) ................ 14

*Am. Elec. Power Co. v. Connecticut*,
   564 U.S. 410 (2011) ............................................................................................ 17

*United States v. Anderson*,
   669 A.2d 73 (Del. 1995) ....................................................................................... 12

*In re Asbestos Litig.*,
   No. CIV.A. 87C-09-24, 1994 WL 16805917 (Del. Super. Ct. Aug. 5, 1994) .................. 11, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 17, 19, 20

*Bair v. Peck*,
   738 F.Supp. 1354 (D. Kan. 1990) ......................................................................... 8, 9

*Baldonado v. Avrinmeritor, Inc.*,
   No. 13-833-SLR-CJB, 2014 WL 2116112 (D. Del. May 20, 2014) .................................. 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 7, 15, 17

*Brzoska v. Olsen*,
   No. SN92C-06-142, 1994 WL 233866 (Del. Super. Ct. May 2, 1994) ............................. 13

*Brzoska v. Olson*,
   668 A.2d 1355 (Del. 1995) ..................................................................... 3, 11, 13, 14

*Christine Baker v. Croda, Inc.*,
   2:19-cv-21234-JMV-JBC (D. N.J.) ...................................................................... 4, 5, 9

*Cropper v. Rego Distrib. Ctr., Inc.*,
   542 F. Supp. 1142 (D. Del. 1982) ........................................................................... 15

*Dayton v. Collison*,
   No. CV N17C-08-100 CLS, 2019 WL 4668157 (Del. Super. Ct. Sept. 24, 2019) ...... 16, 17, 18

*Gould Elecs. Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000) .................................................................................... 6

*Hartig Drug Co. v. Senju Pharm. Co.*,
   836 F.3d 261 (3d Cir. 2016) ............................................................................... 6, 7

*Hudson v. Old Guard Ins. Co.*,
   3 A.3d 246 (Del. 2010) ....................................................................................... 19

*State ex rel. Jennings v. Purdue Pharma L.P.*,
   No. CVN18C01223MMJCCLD, 2019 WL 446382 (Del. Super. Ct. Feb. 4, 2019) .............. 16

*Kaufman v. Allstate New Jersey Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) .................................................................................. 8

*Kitson v. Bank of Edwardsville*,
   No. CIV 06-528-GPM, 2006 WL 3392752 (S.D. Ill. Nov. 22, 2006) ....................................... 8

*M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children*,
   393 F. App'x 884 (3d Cir. 2010) ................................................................. 3, 13, 14

*Mergenthaler v. Asbestos Corp. of Am.*,
   480 A.2d 647 (Del. 1984) ............................................................... 3, 12, 13, 14

*Metro-N. Commuter R.R. Co. v. Buckley*,
   521 U.S. 424 (1997) ............................................................................................... 4

*Moore v. Sharp Gas Inc.*,
   No. CIV. A. 90-504 MMS, 1992 WL 147930 (D. Del. June 11, 1992) ................................... 15

*Nutt v. A.C. & S., Inc.*,
   466 A.2d 18 (Del. Super. Ct. 1983) ............................................................... 3, 11

*Patton v. Simone*,
   No. CIV. A. 90C-JA-29, 1993 WL 144361 (Del. Super. Ct. Mar. 9, 1993) .......................... 16

*Polanco v. Omnicell, Inc.*,
   988 F. Supp. 2d 451 (D.N.J. 2013) ........................................................................ 6

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011) .................................................................................. 17

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action Litig.*,
   678 F.3d 235 (3d Cir. 2012) .................................................................................. 6

*Thomas-Fish v. Avborne Accessory Grp., Inc.*,
   No. 18-1195-MN-SRF, 2019 WL 3281273 (D. Del. July 19, 2019) ..................................... 19

*Vodenichar v. Halcon Energy Props., Inc.*,
   733 F.3d 497 (3d Cir. 2013) .............................................................................. 6, 8

*Willon v. Werb*,
   No. N17C-03-161 VLM, 2019 WL 6705003 (Del. Super. Ct. Dec. 9, 2019) ........................ 19

*Zambelli Fireworks Mfg. Co. v. Wood*,
   592 F.3d 412 (3d Cir. 2010) .................................................................................. 5

## Statutory Authorities

28 U.S.C. § 1332 .................................................................................................. *passim*

## Rules and Regulations

7 Del. C. § 6003(a)(1) ......................................................................................... 18

Fed. R. Civ. P. 12(b)(1) ....................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ....................................................................................... *passim*

I.       INTRODUCTION

This Court should dismiss this suit under Rule 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, should dismiss this suit for failure to state a claim under Rule 12(b)(6).  The Plaintiff's sole basis for federal jurisdiction is the Class Action Fairness Act, which grants a district court jurisdiction over class action suits with at least 100 class members and aggregate damages over $5 million.  However, the Class Action Fairness Act requires the Court to decline jurisdiction where at least two-thirds of the class members are members of the same state as the defendant.  Here, the sole defendant is a Delaware corporation defending allegations that it harmed Delaware residents who lived near its New Castle facility.  At least two-thirds of the putative class members are Delaware residents.  As a result, this Court must decline to exercise jurisdiction pursuant to CAFA's "home state" exception in 28 U.S.C. § 1332(d)(4)(B).

This Court should also dismiss this suit under Rule 12(b)(6) because Plaintiff fails to state a claim. Plaintiff alleges that she and members of the putative class are faced with an increased risk of developing a serious disease in the future as a result of exposure to ethylene oxide emitted from Croda's facility.  Neither Plaintiff nor any member of the class has actually been diagnosed with a serious illness—the only injury alleged in the Complaint is an "increased risk" of developing a disease in the future.  Every claim asserted in this action fails because an increased risk of developing a disease in the future, by itself, is not a cognizable injury in Delaware.  Therefore, all of Plaintiff's claims must be dismissed under Rule 12(b)(6).

II.      SUMMARY OF ARGUMENT

1.       Having twice failed to properly plead jurisdiction in the District of New Jersey, Plaintiff has now filed a complaint in this District which similarly fails to establish federal jurisdiction.  The sole basis of federal jurisdiction pled in the Complaint is the Class Action Fairness Act.  (Compl. (D.I. 1) ¶ 10).

2.      Under the Class Action Fairness Act, district courts have jurisdiction over class actions with at least 100 class members, at least $5 million in controversy, and minimal diversity—that is, at least one plaintiff being a citizen of a different state than the defendant.  28 U.S.C. § 1332(d).  However, the Class Action Fairness Act *requires* a district court to decline jurisdiction where at least two-thirds of the class are citizens of the same state as the primary defendant. 28 U.S.C. § 1332(d)(4)(B).

3.      Here, it is more likely than not that at least two-thirds of the putative class are citizens of Delaware, the same state where Croda Inc. is incorporated.  The proposed class is defined to include only persons who have lived within three census tracts immediately surrounding Croda's Atlas Point facility in New Castle, Delaware for at least one year.  It is more likely than not that at least two-thirds of these persons are still citizens of Delaware.

4.      The Class Action Fairness Act also gives a district discretion to decline jurisdiction over a class action in which more than one-third, but fewer than two-thirds, of the class members are citizens of the same state as the primary defendant.  28 U.S.C. § 1332(d)(3).  In making this determination, the court should consider factors including whether the claims involve matters of local interest, will be governed by Delaware law, and whether the action was brought in a forum with a  "district nexus with the class members, the alleged harm, or the defendant[.]"  *Id.*

5.      Here, if the Court does not find that it is required to abstain from exercising jurisdiction, it should voluntarily decline jurisdiction.  This action involves claims arising under Delaware law filed on behalf of persons who have lived in Delaware for at least one year, and *at least* one-third of the class consists of Delaware citizens.  The sole defendant is Croda, a Delaware corporation.  Therefore, the factors set out in Section 1332(d)(3) all weigh in favor of the Court voluntarily declining jurisdiction.

6.      If the Court finds that it does have jurisdiction over this case, it should still dismiss the claims under Rule 12(b)(6) because each one fails to state a claim upon which relief can be granted.

7.      All of Plaintiff's claims fail because they do not state a compensable injury.  Each claim states that Plaintiff and class members have an increased risk of developing a serious illness in the future.  However, in Delaware, increased risk without any underlying physical injury is not a cognizable harm.  *See Brzoska v. Olson*, 668 A.2d 1355, 1362 (Del. 1995); *see also Nutt v. A.C. & S., Inc.*, 466 A.2d 18, 26 (Del. Super. Ct. 1983), *aff'd sub nom. Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984).  Since neither Plaintiff nor any class member has alleged a present physical injury or current diagnosis, they have failed to allege a cognizable harm.  As a result, each claim must be dismissed under Rule 12(b)(6).

8.      Plaintiff's medical monitoring claim fails for the independent reason that Delaware does not recognize medical monitoring as an independent cause of action.  *See M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children*, 393 F. App'x 884, 892 n.6 (3d Cir. 2010) (applying Delaware law).

9.      Plaintiff's other claims fail for the independent reason that Plaintiff has not included sufficient detail to support a cause of action.  Plaintiff has merely recited the bare elements of her claims, without sufficient supporting detail to plead her claims.

10.     Finally, Plaintiff's public nuisance claim fails because Plaintiff lacks standing to bring the claim.

11.     Finally, Plaintiff's public nuisance claim fails because Plaintiff lacks standing to bring the claim.

12.    For these reasons, the Court should either dismiss this suit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), or, in the alternative, it should dismiss all claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

III.    FACTUAL BACKGROUND

Croda Inc. has produced various specialty chemicals at the Atlas Point complex in New Castle, Delaware since 2006.  In 2015, Croda, with all the required state and county approvals, started construction on a new bio-ethylene oxide plant that would be the first facility in the United States to produce ethylene oxide using bioethanol. Croda uses the ethylene oxide it produces onsite to make other products at the Atlas Point facility.  Croda completed construction of its bio-ethylene oxide plant in late 2018, and began operations. Shortly after the plant opened, a gasket installed by a subcontractor that did not meet the engineering specifications failed, resulting in an ethylene oxide leak. Croda and first responders sprayed thousands of gallons of deluge water into the air to quickly dissolve the leaked ethylene oxide which prevented it from negatively impacting the surrounding community.  (Compl. (D.I. 1) ¶ 37).

Plaintiff Christine Baker (a Delaware resident) initially filed suit against Croda (a Delaware corporation) in the District of New Jersey, alleging that the ethylene oxide emitted from Croda's New Castle facility caused her and members of the putative class to be at an increased risk of developing cancer or another serious illness in the future.  *Christine Baker v. Croda, Inc.*, 2:19-cv-21234-JMV-JBC (D. N.J.) at Dkt. 1 (Complaint).   New Jersey, unlike Delaware, allows plaintiffs to recover the expense of medical monitoring even without proof of physical harm or a current diagnosis of a serious illness.  *See Metro-N. Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 440-41 (1997) (noting that New Jersey permitted the creation of a "court-supervised fund to administer medical-surveillance payments" in at least one case where plaintiffs had been exposed

to a toxin, but had not developed any injury or disease).  After Croda filed two motions to dismiss on the grounds that the District of New Jersey was not a proper forum, Ms. Christine Baker voluntarily dismissed her own case without prejudice.  *Christine Baker v. Croda, Inc.*, 2:19-cv-21234-JMV-JBC (D. N.J.) at Dkt. 35 (Plaintiff Christine Baker's Notice of Dismissal Without Prejudice).

Plaintiff has filed nearly-identical claims in this District on behalf of Catherine Baker.  In her Complaint, Plaintiff alleges that the emission of ethylene oxide from the Atlas Point facility since 1988 has exposed her and Class Members to a hazardous chemical which increases their risk of developing certain diseases.  (Compl. (D.I. 1) ¶¶ 1-6).  Although Croda has secured all required permits and inspections to operate the Atlas Point facility, including the approval of the Delaware Department of Natural Resources and Environmental Control to restart the bio-ethylene oxide plant after the ethylene oxide leak, Plaintiff has asserted claims for ultrahazardous activity/strict liability, public nuisance, private nuisance, negligence, willful and wanton conduct, and medical monitoring based on alleged emissions from the facility.  (Compl. (D.I. 1) ¶¶ 73-123).  The Class Members include only persons who have not been diagnosed with cancer or an illness, disease, or disease process of the kind caused by ethylene oxide.  (Compl. (D.I. 1) ¶ 63).  However, Plaintiff asserts that both she and Class Members are at "an increased risk of illness and disease," and seek the cost of a medical monitoring program to detect for early signs or symptoms of disease as a remedy for each asserted claim.  (Compl. (D.I. 1) ¶¶ 68).

IV.    LEGAL STANDARD

A.    12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, and when there is a question as to [their] authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the

other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  In evaluating a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action Litig.*, 678 F.3d 235, 243 (3d Cir. 2012).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In contrast, "a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts."  *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).  In evaluating a factual 12(b)(1) challenge, "the court need not presume the truth of the allegations and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, … and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 458 (D.N.J. 2013) (internal citations omitted).

When federal jurisdiction is based on the Class Action Fairness Act ("CAFA"), the party asserting jurisdiction has the burden of showing that its case meets the threshold requirements for federal jurisdiction:  specifically, an amount in controversy over $5 million; at least 100 members in the putative class; and at least one class member who is a citizen of a different state than the defendant.  28 U.S.C. § 1332(d)(2) & (5). The CAFA "statute includes two mandatory exceptions to federal subject matter jurisdiction, known as the 'local controversy' and 'home state' exceptions." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013).  Once CAFA jurisdiction is established, a "party seeking to invoke an exception [requiring a court to

decline that jurisdiction] bears the burden of proving by a preponderance of the evidence that the exception applies." *Id.*

        B.    <u>12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a Rule 12(b)(6) motion, a court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaint's claims are based upon these documents." *Hartig Drug Co.*, 836 F.3d 261 at 273 (internal citations and quotations omitted). "The purpose of a motion to dismiss is to test the sufficiency of a complaint[.]" *Adkins v. Rumsfeld*, 450 F. Supp. 2d 440, 444 (D. Del. 2006). "When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff." *Id.* The Court should dismiss where it appears "that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.*

        V.    <u>ARGUMENT</u>

        A.    This Case Should Be Dismissed Under Rule 12(b)(1)
               <u>Because This Court Does Not Have CAFA Jurisdiction</u>

This case should be dismissed for lack of subject matter jurisdiction. In the Complaint, Plaintiff asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act. (Compl. (D.I. 1) ¶ 10). However, this Court does not properly have jurisdiction over this case because the "home state" exception to federal jurisdiction under the Class Action Fairness Act (CAFA) applies. Specifically, the home state exception to CAFA jurisdiction, contained in 28 U.S.C. § 1332(d)(4)(B) applies to this action because (1) more than two-thirds of the proposed class

members are citizens of Delaware, and (2) the primary (and only) defendant is a citizen of Delaware.

The Class Action Fairness Act, or "CAFA," provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [ ] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA provides two mandatory exceptions to the exercise of federal jurisdiction: the "home state exception" and the "local controversy" exception. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) *citing* 28 U.S.C. § 1332(d)(4)(A)–(B). The statute provides that "[a] district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The home state exception is mandatory, so if the Court finds that it applies, it is required to refuse to exercise jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009).

The party invoking the exception only needs to show that "it is more likely than not that over two-thirds of the members of the class" are citizens of the same state as the primary defendant." *Kitson v. Bank of Edwardsville*, No. CIV 06-528-GPM, 2006 WL 3392752, at *7 (S.D. Ill. Nov. 22, 2006). Evidence regarding the citizenship of the class "is not required to be perfect." *Id.* For example, courts have "allowed a presumption of domicile upon proof of residency," *Bair v. Peck*, 738 F.Supp. 1354, 1356 (D. Kan. 1990) and have also accepted mailing addresses as "evidence of [ ] citizenship." *Kitson*, 2006 WL 3392752, at *6.

Here, it is undisputed that Croda Inc.—the sole defendant in this case—is incorporated in Delaware.  (*See* Compl. (D.I. 1) ¶ 9 (stating that "Croda is a Delaware corporation"); *see also* Decl. of C. Manuelli ¶¶ 5-9 and Exs. 1 and 2 to Manuelli Decl.).  Under the Class Action Fairness Act, "[a] corporation shall be deemed to be a citizen of every state … which it has been incorporated and of the State … where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Croda Inc. is incorporated in Delaware.  Therefore, Croda is considered a citizen of Delaware for the purposes of CAFA jurisdiction.  Since this case has been filed in the District of Delaware, if at least two-thirds of the putative class are Delaware citizens, this Court does not have subject matter jurisdiction over this case.

The putative Class is defined in the Complaint as follows:

> All natural persons who have resided within census tracts 10003015400, 10003105502 and 10003015802 (the "Class Zone") for a period of one year or more at any time beginning January 1, 1988 and the present (the "Class Period").

(Compl. (D.I. 1) ¶ 62).  Census tracts 10003015400, 10003105502 and 10003015802 are all located in New Castle County, Delaware.  Since the Class is limited to persons who have resided in Delaware for at least a year, and residency in a state can support a presumption of domicile in that same state (*Bair*, 738 F. Supp. at 1356), it follows that a supermajority of the class are likely Delaware citizens.  This conclusion is bolstered by the fact that the original class definition in *Christine Baker v. Croda*, 2:19-cv-21234-JMV-JBC (D.N.J.) limited the class to "[a]ll natural persons, **who are currently citizens of Delaware**, and who have resided within census tracts 10003015400, 10003105502 and 10003015802" during the designated period.[1]  *See Christine*

---

[1]     In *Christine Baker v. Croda*, 2:19-cv-21234-JMV-JBC (D.N.J.) Plaintiff voluntarily dismissed her own case without prejudice and re-filed nearly identical claims in the above-captioned action.

*Baker v. Croda*, 2:19-cv-21234-JMV-JBC (D.N.J.) at Dkt. 1 ¶ 56.  If the original class definition proposed by Plaintiff was limited to ***Delaware citizens*** who lived near the Atlas Point facility, it follows that a nearly-identical class complaint filed in Delaware represents primarily Delaware citizens.  In short, the "home state" exception to CAFA applies here, and this Court is required to abstain from exercising federal jurisdiction over this case.[2]

> B.   All Claims Should Be Dismissed Under Rule 12(b)(6) For
>      Failure to State a Claim

All of Plaintiff's claims should be dismissed under Rule 12(b)(6) because the complaint fails to allege a single claim upon which relief can be granted.  Plaintiff's Complaint fails to plead any viable claim because it does not allege that Plaintiff or any Class Member has been diagnosed with cancer or another serious illness as a result of living near the Atlas Point facility.  In fact, the putative class specifically excludes "all persons who have been currently diagnosed with cancer or illness, disease or disease process of the kind caused by EtO[.]"  (Compl. (D.I. 1) ¶ 63).  Injury is a threshold requirement for each claim, and Plaintiff's only alleged injury is that "Plaintiff and Class Members suffer a present increased risk of illness, disease and disease process." (*Id.* ¶ 6). Fear of developing a disease in the future—without any present, underlying physical injury—is not a compensable injury under Delaware law.

---

[2]   If the Court does not find that at least two-thirds of the class members are Delaware citizens, the Court "may, in the interests of justice," decline to exercise jurisdiction under CAFA for a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes" and the defendant are citizens of the State in which the action was originally filed.  28 U.S.C. § 1332(d)(3).  In making this decision, the Court should consider whether the claims will be governed by Delaware law, whether the action was brought in a forum with a "distinct nexus with the class members, the alleged harm, or the defendants," and whether the number of Delaware citizens in the proposed class "is substantially larger than the number of citizens from any other State."  *Id.*  This action is a textbook example of an inherently local dispute between Delaware citizens and Delaware defendant regarding a Delaware chemical plant.  The court should, in the interests of justice, decline to exercise federal jurisdiction.

Plaintiff also asserts a claim for medical monitoring (Compl. (D.I. 1) ¶¶ 118-123), which is not recognized as an independent cause of action under Delaware law.  All of Plaintiff's other claims seek an award of the cost of a medical monitoring program as a remedy for various common law torts (*Id.* ¶¶ 73-117), which also fail as a matter of law because a plaintiff cannot recover for the costs of medical monitoring without proof of a physical injury under Delaware law.

> 1.      All Claims Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Has Not Alleged a Compensable Injury

Plaintiff has not adequately pled claims for strict liability, public nuisance, private nuisance, negligence, willful and wanton conduct, or medical monitoring because she has not alleged any compensable injury.  Plaintiff alleges that as a result of Defendant's negligence, "Plaintiff and the Class Members presently suffer, and will continue to suffer, a present increased risk of illness, disease or disease process, and the resulting present need to incur the cost of reasonably medically necessary diagnostic testing for the early detection of illness."  (*Id.* ¶ 80 (Claim 1)).  Plaintiff makes nearly-identical allegations of harm for all other claims.  (*See id.* ¶¶ 89, 102, 109, and 117 (identical language for Claims 2 through 5) and *id.* ¶ 121 ("Plaintiff and Class Members have a significantly increased risk of contracting several different types of cancer") (Claim 6)).  In short, the only harm alleged in the Complaint is the "present increased risk of disease."  In Delaware, the increased risk of developing a disease as a result of exposure to a toxin, without more, is not a compensable injury.

The lack of a compensable injury is fatal to Plaintiff's claims.  To prevail on any tort claim, a plaintiff must demonstrate "that the plaintiff has in fact suffered harm of a kind legally compensable by damages."  *In re Asbestos Litig.*, No. CIV.A. 87C-09-24, 1994 WL 16805917, at *1 (Del. Super. Ct. Aug. 5, 1994); *see also Brzoska*, 668 A.2d at 1362 (where plaintiffs "sustained no physical injury . . . they could not recover under a negligence theory.").  Fear of developing a

disease in the future "without a demonstrable physical change in bodily condition . . . is not compensable." *Nutt v. A.C. & S., Inc.*, 466 A.2d 18, 26 (Del. Super. Ct. 1983), *aff'd sub nom. Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984). Similarly, under Delaware law, where "plaintiffs do not have a compensable physical injury, plaintiffs may not recover for the expenses of medical surveillance." *In re Asbestos Litig.*, 1994 WL 16805917, at *2 (denying a request for medical surveillance damages in a negligence case). The Delaware Supreme Court has explicitly held that the requirement of a *present* physical injury is an approach adopted to prevent recovery on "speculative claims for future harm." *United States v. Anderson*, 669 A.2d 73, 77 (Del. 1995). "The requirement of a preceding physical injury prohibits plaintiffs from claiming that exposure to toxic substances, for instance, has created an increased risk of harm not yet manifested in a physical disease." *Id.* Thus, Delaware courts has determined—as a matter of public policy—that a present physical injury is a mandatory prerequisite to recovering damages for increased risk of developing a disease in the future.

Plaintiff cannot recover medical surveillance damages by simply alleging that she may have been exposed to a toxin. To recover any damages, she must allege "present physical injury." Plaintiff has not stated a claim upon which relief can be granted because she has not alleged a physical injury resulting from her exposure to ethylene oxide. The Delaware Supreme Court squarely addressed this issue when it affirmed the dismissal of a putative class action seeking medical monitoring for alleged asbestos exposure. *Mergenthaler v. Asbestos Corp. of Am.,* 480 A.2d 647, 649 (Del. 1984). In *Mergenthaler*, the Delaware Supreme Court held that "a claim for the expenses of medically required surveillance and related mental anguish . . . fails to state a claim upon which relief can be granted ***where there is no present physical injury***." *Id.* (emphasis added).

Where plaintiffs "concede that they have suffered no physical injury due to wrongful [toxin] exposure . . . that concession is dispositive." *Id.* at 651.

Delaware courts have continued to apply the *Mergenthaler* holding that physical injury is required to recover medical surveillance damages.  In *Brzoska v. Olsen*, a class of plaintiffs sued after learning that they had been treated by a dentist who was infected with HIV.  No. SN92C-06-142, 1994 WL 233866, at *1 (Del. Super. Ct. May 2, 1994), *aff'd in part, rev'd in part sub nom. Brzoska v. Olson*, 668 A.2d 1355 (Del. 1995).  Although no plaintiff had tested positive for HIV, plaintiffs sued to recover for the costs of medical monitoring under several theories of liability, including negligence.  *Id.* at *2.  The court ruled that plaintiffs could not "maintain their cause of action for mental distress resulting from fear of disease," and dismissed their negligence claim. *Id.* at *1.

Plaintiff has not alleged that she or any class member has developed cancer or another serious illness as a result of exposure to ethylene oxide—rather, she alleges only that they an increased risk of developing cancer in the future.  (Compl. (D.I. 1) ¶ 54).  Similarly, the Complaint alleges that the putative class is at "increased risk of developing cancer," but specifically excludes from the class "all persons who have been currently diagnosed with cancer or illness, disease or disease process of the kind caused by EtO" (*id.* ¶¶ 54, 57).  In short, the Complaint does not allege that Plaintiff or any Class Member has developed an illness as a result of living near Croda's Atlas Point facility.  This bars every claim asserted in this action.  "[D]amages for claims of . . . fear of contracting a disease [ ] are recoverable only if the underlying physical injury is shown," *Brzoska*, 668 A.2d at 1362, *citing Mergenthaler*, 480 A.2d at 651.  Plaintiffs have failed to plead a cognizable injury for any of their claims.

2. <u>Plaintiff Has Not Stated a Medical Monitoring Claim</u>

Plaintiff's medical monitoring claim should be dismissed because "[t]he Delaware Supreme Court has not recognized a cause of action for medical monitoring." *M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children*, 393 F. App'x 884, 892 n.6 (3d Cir. 2010) (applying Delaware law). However, even if the Delaware Supreme Court were to recognize a claim for independent medical monitoring, Plaintiff's claim, as pled, would still fail.

Medical monitoring is not an independent cause of action in Delaware. In some cases, it has been allowed as a remedy for a tort which resulted in a physical injury—such as medical malpractice claim. However, Delaware courts have never "explicitly recognized medical monitoring as a legally cognizable cause of action." *M.G. ex rel. K.G.*, 393 F. App'x at 891. A Court sitting in diversity must "predict how the state's supreme court would resolve the issue" by evaluating the decisions of that state's intermediate courts. *Id.* Neither the Delaware Supreme Court nor any lower court has ever recognized medical monitoring as an independent tort. *See Brzoska,* 668 A.2d at 1359 (dismissing a negligence claim that sought medical surveillance as a remedy); *see also Mergenthaler,* 480 A.2d at 651 (denying recovery of medical monitoring expenses where plaintiffs had failed to demonstrate a physical injury); *Alderman v. Clean Earth*, No. CIV.A. 04C-06-181FSS, 2007 WL 1334565, at *1 (Del. Super. Ct. Apr. 30, 2007), *aff'd sub nom. Alderman v. Clean Earth, Inc.*, 954 A.2d 909 (Del. 2008) (striking a medical monitoring damages theory where residents claimed they were exposed to contaminated water and sought medical monitoring expenses as damages for their negligence and strict liability claims). The Third Circuit recently considered whether "the Delaware Supreme Court [would] recognize a medical monitoring cause of action," and "declin[ed] to predict whether the Delaware Supreme Court might acknowledge some variant of a medical monitoring claim." *M.G. ex rel. K.G.*, 393 F. App'x at 891-893. While Delaware cases recognize medical monitoring as a potential remedy for

an independent tort (in inapplicable circumstances where plaintiff has also alleged present physical injury), it is not a cognizable standalone claim in Delaware.

<blockquote>3.       Plaintiff Has Not Stated a Claim for Ultrahazardous Activity</blockquote>

Plaintiff's claim for strict liability/ultrahazardous activity should be dismissed because Plaintiff has failed to state a claim.[3]  "Delaware courts have been hesitant to extend [the] application" of strict liability.  *Cropper*, 542 F. Supp. at 1149.  It is not sufficient to allege that a defendant carried out an activity with risks or "failed to exercise the degree of care commensurate with the danger[]" or the activity."  *Id.*  Delaware courts have applied the strict liability theory narrowly—e.g., to "an activity being conducted in an inappropriate location" or an activity "totally lacking in social utility."  *Id.* (collecting cases).  Delaware courts consider the following factors in determining whether an activity is ultrahazardous:

> (a)    existence of a high degree of risk of some harm to the person, land or chattel of others;
>
> (b)    likelihood that the harm that results from it will be great;
>
> (c)    inability to eliminate the risk by the exercise of reasonable care;
>
> (d)    extent to which the activity is not a matter of common usage;
>
> (e)    inappropriateness of the activity to the place where it is carried on; and
>
> (f)    extent to which its value to the community is outweighed by its dangerous attributes.

*Moore v. Sharp Gas Inc.*, No. CIV. A. 90-504 MMS, 1992 WL 147930, at *2 (D. Del. June 11, 1992) (holding that the transmission of natural gas via pipe is not an ultrahazardous activity).

---

[3]    As discussed in Section IV.B.1, Plaintiff's ultrahazardous activity claim fails because Plaintiff has not alleged a cognizable harm.  A plaintiff seeking compensation under an abnormally dangerous activity theory must demonstrate harm.  *Cropper v. Rego Distrib. Ctr., Inc.*, 542 F. Supp. 1142, 1149 (D. Del. 1982).  Fear of developing a disease in the future, without any current physical injury, is not a cognizable harm in Delaware.

Plaintiff's strict liability claim includes only "formulaic recitation[s] of the elements of a cause of action" which are insufficient to state a claim under Rule 12(b)(6).  *Twombly*, 550 U.S. at 555.  Plaintiff asserts that Croda's ethylene oxide facility is "exceedingly dangerous" and "offer[s] little or no value to the surrounding community."  (Compl. (D.I. 1) ¶ 78).  However, Plaintiff has not pled that the manufacturing and use of ethylene oxide "is not a matter of common usage" or that "its value to the community is outweighed by its dangerous attributes."  Plaintiff has not included facts supporting her bare claim that the risk of ethylene oxide emissions "cannot be eliminated" or that processing ethylene oxide "cannot be made safe by the exercise of the utmost care."  (*Id.* ¶¶ 75-76).  These are the sort of formulaic allegations which do not meet the pleading standard of Rule 12(b)(6).  Plaintiff's ultrahazardous activity claim should be dismissed.

4.  Plaintiff Has Not Stated a Claim for Public Nuisance
and Lacks Standing to Bring the Claim.

Plaintiff has not stated a claim for public nuisance and lacks standing to assert it.  In Delaware, "a public nuisance is [an] activity which produces some tangible injury to neighboring property or persons coming into contact with it and which a court considers to be objectionable under the circumstances."  *State ex rel. Jennings v. Purdue Pharma L.P.*, No. CVN18C01223MMJCCLD, 2019 WL 446382, at *11 (Del. Super. Ct. Feb. 4, 2019).  "To have standing to sue on a public nuisance claim, an individual must (1) be capable of recovering damages and (2) have standing to sue as a representative of the public."  *Dayton v. Collison*, No. CV N17C-08-100 CLS, 2019 WL 4668157, at *3 (Del. Super. Ct. Sept. 24, 2019).  A private plaintiff only has standing to bring a public nuisance claim where they "suffered injury of a kind different from that suffered by other members of the public."  *Patton v. Simone*, No. CIV. A. 90C-JA-29, 1993 WL 144361, at *1 (Del. Super. Ct. Mar. 9, 1993).  Here, Plaintiff has not alleged that she has "standing to sue as a representative of the public," or that she has "suffered a harm of a

kind different from that suffered by other members of the public."  Rather, Plaintiff alleges that she—and thousands of others who have lived in census tracts 10003015400, 10003105502, and 10003015802 over several decades—were exposed to ethylene oxide sometime between 1988 and 2020.  (Compl. (D.I. 1) ¶¶ 50-51 ("Plaintiff and Class Members have lived within the vicinity of the Atlas Point plant . . . [and] have inhaled toxic EtO")).  Having failed to plead a special or different kind of injury from other residents, Plaintiff lacks standing to bring a public nuisance claim.

Plaintiff has also failed to plead a viable public nuisance claim under Delaware law.[4] Plaintiff has not alleged a "tangible injury" as required by Delaware law, asserting only an unspecified, future risk of developing a disease. *See Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (an indefinite risk of future harm is not a cognizable injury injury).  Plaintiff has also failed to meet the pleading standards for a public nuisance claim with her bare recitation of the elements of the claim.  Where, as here, a plaintiff relies on "[t[hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," she has failed to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. at 555.

5.    Plaintiff Has Not Stated a Claim for Private Nuisance

The Complaint does not state a claim for private nuisance.  Delaware recognizes claims for "a nontrespassory invasion of another's interest in the private use and enjoyment of their land." *Dayton v. Collison*, No. CV N17C-08-100 CLS, 2019 WL 4668157, at *5 (Del. Super. Ct. Sept. 24, 2019).  The Complaint alleges that the Atlas Point facility "constitutes an absolute nuisance or nuisance per se."  (Compl. (D.I. 1) ¶ 95).  A claim for nuisance *per se* exists where there has been

---

[4]    To the extent that Plaintiff asserts a public nuisance claim under federal common law, that claim is preempted by the Clean Air Act.  *See Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 429 (2011).

"1) intentional, unreasonable interference with property rights of another; 2) interference resulting from an abnormally hazardous activity conducted on the person's property; and 3) interference in violation of a statute intended to protect public safety."  *Dayton*, 2019 WL 4668157, at *5.

Plaintiff has not made out a claim for "intentional, unreasonable . . . interference in violation of a statute intended to protect public safety."  The Complaint itself describes the ethylene oxide leak as an "accident," and not an intentional act.  (Compl. (D.I. 1) ¶ 8).  Further, all of the statutes that Plaintiff identifies to support its negligence *per se* claim were allegedly violated during the November 25, 2018 accident described in the Complaint.  (*Id*. ¶¶ 37-39, describing the use of deluge water to disperse leaked ethylene oxide and a subsequent settlement agreement relating to 7 Del. C. § 6003(a)(1)).  However, Plaintiff asserts that as a result of operating the Atlas Point facility, "EtO ***continuously*** invaded and contaminated the areas surrounding Plaintiff's and Class Members' residences."  (Compl. ¶ 101 (emphasis added)).  The statutory violations Plaintiff lists in paragraphs 96, 97, and 98 of the Complaint—including the unpermitted use of deluge water to disperse ethylene oxide in the air—all relate to the November 25, 2018 accident.[5]  (Compl. ¶¶ 37-39, describing the use of deluge water to disperse leaked ethylene oxide and a subsequent settlement agreement relating to 7 Del. C. § 6003(a)(1)).  By definition, a single incident is not a "continuous" invasion of Plaintiff's property.

The Complaint also fails to provide any support for its bare allegation that the operation of the Atlas Point facility was unreasonable.  As explained in Section IV.B.3, *supra*, the Complaint has not established the operation of the Atlas Point facility is an "abnormally hazardous activity,"

---

[5]     To the extent that Plaintiff states a nuisance *per se* claim at all, it applies only to persons who lived near the Atlas Point facility on November 25, 2018.

- 18 -

and failed to weigh any purportedly dangerous attributes of the facility against its value to the community.  The nuisance per se claim has not been properly stated, and should be dismissed.

6.     Plaintiff Has Not Stated a Claim for Negligence

Plaintiff has not pled a claim for negligence.  Under Delaware law, a claim for negligence must plead (1) duty, (2) breach, (3) causation, and (4) damages.  *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).  As discussed in Section IV.B.1, Plaintiff has failed to allege a cognizable harm.  In addition, Plaintiff has also failed to meet the pleading standard under *Iqbal* for the elements of duty, breach, and proximate causation.  A "formulaic recitation of the elements of a cause of action" is not sufficient to make out a claim.  *Iqbal*, 556 U.S. at 678.

Here, Plaintiff asserts generally that Croda "owed Plaintiff and Class Members a duty to operate its Atlas Point plant in a manner which would not cause Plaintiff and Class Members injury or harm," then asserts that this duty was breached by emitting ethylene oxide into the air and failing "to take steps to minimize or eliminate the release of EtO."  (Compl. (D.I. 1) ¶¶ 104-05).  This cursory recitation of the duty and breach elements for negligence is not sufficient to state a claim, and Plaintiff's negligence claim should be dismissed.

7.     Plaintiff Has Not Stated a Claim for Willful or Wanton Conduct

Plaintiff has not made out a claim for willful or wanton conduct.  In Delaware, "[t]here is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences."  *Willon v. Werb*, No. N17C-03-161 VLM, 2019 WL 6705003, at *2 (Del. Super. Ct. Dec. 9, 2019).  "In other words, a willful or wanton disregard of a plaintiff's rights—as opposed to negligence—reflects a 'conscious indifference' or an 'I-don't-care attitude.'"  *Id.* Allegations that a defendant acted willfully or with malice must be pled with "factual averments

descriptive of conduct" and not merely recitations of the elements of a claim.  *Thomas-Fish v. Avborne Accessory Grp., Inc.*, No. 18-1195-MN-SRF, 2019 WL 3281273, at *4 (D. Del. July 19, 2019).

Here, Plaintiff has not alleged that Croda acted "with malice" and has not listed any facts demonstrating willful or wanton conduct.  Rather, Plaintiff states only that Croda "owed a duty to refrain from willful and wanton conduct," and that Plaintiff and the class "suffer, and will continue to suffer, a present increased risk of illness" as a "direct and proximate result of Defendant's willful, wanton, reckless and outrageous conduct."  (Compl. (D.I. 1) ¶¶ 111, 117).  "[T]his was 'precisely the type of vague, 'defendant-unlawfully-harmed me accusation' that the Supreme Court [ ] condemned' in *Iqbal*."  *Baldonado v. Avrinmeritor, Inc.*, No. 13-833-SLR-CJB, 2014 WL 2116112, at *5 (D. Del. May 20, 2014).  Plaintiff's claim for willful and wanton conduct is insufficient and should therefore be dismissed.

VI.    <u>CONCLUSION</u>

For these reasons, Croda respectfully requests that the Court enter an order to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, enter an order to dismiss for failure to state a claim under Rule 12(b)(6).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (# 2067)
Zi-Xiang Shen (#6072)
1201 N. Market Street
Wilmington, DE  19801
(302) 658-9200
knachbar@mnat.com
zshen@mnat.com
   *Attorneys for Defendant*

OF COUNSEL:

Stephen A. Swedlow
Athena D. Dalton
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL  60606
(312) 705-7400
stephenswedlow@quinnemanuel.com
athenadalton@quinnemanuel.com

October 13, 2020